United States District Court
Southern District of Texas
**ENTERED**
December 12, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHNNY HARVILLE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:24-CV-02993 |
| | § | |
| ETHOSENERGY FIELD SERVICES, LLC, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

**I.   INTRODUCTION**

Pending before the Court is the defendant's, EthosEnergy Field Services, LLC's (EthosEnergy) motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. No. 9). The plaintiff, Johnny Harville, has filed a response to the defendant's motion (Dkt. No. 12). After reviewing the motion, the pleadings, and the applicable law, the Court determines that the defendant's motion should be **DENIED** .

**II.   FACTUAL BACKGROUND**

Harville was hired by EthosEnergy in October 2015. In 2023, Harville was promoted to Labor Coordinator and then to Shop Foreman in February and June respectively. In those roles Harville was responsible for supervising EthosEnergy employees. EthosEnergy also employed Brian Bailey as the Director of Operations. Bailey also owned a separate company, Prostar Powder Coating ("Prostar"). Harville alleges that Bailey directed EthosEnergy employees to complete work for Prostar during their employment for EthosEnergy. Harville identifies two occasions on

which Bailey directed an EthosEnergy employee to complete a total of 160 man-hours of work for Prostar in the course of their employment for EthosEnergy. Bailey is also accused of using EthosEnergy facilities to store Prostar equipment.

In June 2023, Harville was directed to participate in supervising EthosEnergy employees as they completed work for Prostar. Harville refused to comply on the basis that Bailey's activities were criminal and, therefore, reported Bailey's activities to EthosEnergy. Harville alleges that he was demoted in September 2023 and fired on October 24, 2023, based solely on his refusal to participate in Bailey's activities.

### III.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under the demanding strictures of a Rule 12(b)(6) motion, "[t]he plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996) (citing *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991)). Dismissal is appropriate only if, the "[f]actual allegations [are not] enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed.2d 929 (2007). Moreover, in light of Federal Rule of Civil Procedure 8(a)(2), "[s]pecific facts are not necessary; the [factual allegations] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 2200, 167 L. Ed.2d 1081 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964). Even so, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and

a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964 - 65 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed.2d 209 (1986)).

In *Ashcroft v. Iqbal*, the Supreme Court expounded upon the *Twombly* standard, reasoning that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1955). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show [n]'-'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

Nevertheless, when considering a 12(b)(6) motion to dismiss, the Court's task is limited to deciding whether the plaintiff is entitled to offer evidence in support of his or her claims, not whether the plaintiff will eventually prevail. *Twombly*, 550 U.S. at 563, 127 S. Ct. at 1969 n.8 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed.2d 90 (1974)); *see also Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999). In this regard, its review is limited to the allegations in the complaint and to those documents attached to a defendant's motion to dismiss to the extent that those documents are referred to in the complaint and are central to the claims. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

## IV.     ANALYSIS & DISCUSSION

The Supreme Court of Texas has recognized an exception to the general employment-at-will doctrine, known as a *Sabine Pilot* claim, that allows "employees to sue their employers if they are discharged 'for the sole reason that the employee refused to perform an illegal act." *Safeshred, Inc. v. Martinez*, 365 S.W.3d 655, 659 (Tex. 2012) (citing *Sabine Pilot Serv., Inc. v. Hauck,* 687 S.W.2d 733, 735 (Tex. 1985)). A *Sabine Pilot* claim requires the plaintiff to prove that: (1) he was required to commit an illegal act that carries criminal penalties; (2) he refused; (3) he was discharged; and (4) the sole reason for his discharge was his refusal to commit the unlawful act. *White v. FCI USA, Inc.,* 319 F.3d 672, 676 (5th Cir. 2003) (citing *Sabine Pilot*, 687 S.W.2d at 735)." "[I]n order for [a] Plaintiff to prevail on a *Sabine Pilot* claim, a court would have to find that [he] refused to commit an act that would actually have subjected [him] to criminal penalties." *Marren v. Stout*, 930 F Supp. 2d 675, 681 n.2 (W.D. Tex. 2013) (collecting cases).

EthosEnergy does not dispute that Harville has alleged that he refused Bailey's request; that he was discharged; and, that his refusal was the sole reason for his discharge. EthosEnergy argues that Harville's amended complaint does not allege any illegal act that carries criminal penalties. Harville argues that he has sufficiently pleaded facts of theft, fraud, accessory liability, and criminal conspiracy which carry criminal penalties. Hence, the only question before the Court is whether Harville alleges an illegal act that would have subjected him to criminal penalties.

Harville's amended complaint asserts that he was asked to commit theft regarding EthosEnergy's resources, manpower, and time. The amended complaint contains allegations about the unauthorized direction of EthosEnergy's employees' time for the benefit of Prostar and Bailey.

As urged by Harville in his response, the Court turns to the crime of theft under Texas law. The Texas Penal Code defines 'theft' as the unlawful appropriation of property with the intent to

deprive the owner of the property. Texas Penal Code § 31.03(a). Appropriation of property is unlawful if it taken without the owner's effective consent or with knowledge that it was stolen by another. Texas Penal Code §§ 31.03(b)(1)–(2). Property is defined as real property, personal property, or documents and instruments of value. *See* Texas Penal Code § 31.01(5). Thus, Harville's amended complaint does not allege theft because the allegations pertain to EthosEnergy's employees' time and services not property within the meaning of the Texas Penal Code.

However, the Supreme Court has made it clear that the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for [an] imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.,* 574 U.S. 10, 11 (2014) (per curiam). Harville's identification of an inapplicable statute or mislabeling of his legal theory cannot be grounds for dismissing his complaint. Accordingly, the Court returns to the Texas Penal Code.

The Texas Penal Code defines 'theft of service' as:

(a) A person commits theft of service if, with intent to avoid payment for service that the actor knows is provided only for compensation:
. . .
(2) having control over the disposition of services of another to which the actor is not entitled, the actor intentionally or knowingly diverts the other's services to the actor's own benefit or to the benefit of another not entitled to the services.

Texas Penal Code § 31.04(a)(2). 'Service' is defined by the Texas Penal Code to include "labor and professional service." *Id.* at § 31.01(6)(A). Harville alleges that he was directed to divert employee labor belonging to EthosEnergy to the benefit of parties not entitled to those services, Bailey and Prostar. Harville has thus alleged that he was asked to commit theft of service, an illegal act carrying criminal penalties under Texas law. Hence, the facts alleged in Harville's amended

complaint establish his *Sabine Pilot* claim. The Court does not need to examine the other criminal acts alleged by Harville at this stage.

## V.   CONCLUSION

Based on the foregoing analysis and discussion, the defendant's motion to dismiss is **DENIED**.

It is so **ORDERED**.

SIGNED on December 12, 2024, at Houston, Texas.

                                              Kenneth M. Hoyt
                                              United States District Judge